IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
NOV - 3 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| ELIZABETH WYNNE )<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIMA BIRACH JR., et al., )<br>Defendants. ) | Civil Action No. 1:09cv15 |

## ORDER

The matter is before the Court to consider: (i) plaintiff's motions for entry of default judgment against defendant Sima Birach Jr. and defendant Twin Star Holdings, Inc. (collectively "defendants"), and the U.S. Magistrate Judge's Report and Recommendation regarding these motions; and (ii) plaintiff's motion for attorney's fees and litigation expenses. Plaintiff elected not to file objections to the Magistrate Judge's Report and Recommendation. For the reasons stated herein, and based on an independent *de novo* review of the record, the Magistrate Judge's findings of fact are adopted in full, and the Magistrate Judge's recommendation is adopted to the extent it is consistent with this Order.

I.[1]

Plaintiff, a citizen of California, was employed by defendant Twin Star Holdings, Inc. ("Twin Star Holdings"), a Virginia corporation, between August 2007 and July 2008.[2] Plaintiff's

---

[1] Where, as here, defendants are in default, plaintiff's well-pleaded allegations of fact must be taken as true. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

[2] Plaintiff was initially employed by Twin Star Group. This entity dissolved in November 2007 and became Twin Star, an unincorporated company. In January 2008, Twin Star Holdings incorporated and acquired the assets of Twin Star Group and Twin Star. Plaintiff, an employee

work primarily involved developing marketing reports and sales materials for defendant Birach Broadcasting Corporation ("BBC"), a Michigan corporation. During this period, defendant Sima Birach Jr. ("Birach") served as President and CEO of both Twin Star Holdings and BBC.

Plaintiff's Amended Complaint proceeds in thirteen Counts against defendants Birach, Twin Star Holdings, and BBC. By Order dated April 14, 2009, and pursuant to a joint stipulation between BBC and plaintiff under Rule 41(a), Fed. R. Civ. P., BBC was dismissed from the case. *See Wynne v. Birach*, 1:09cv15 (E.D. Va. Apr. 14, 2009) (Order). Accordingly, in the instant motions plaintiff does not pursue Counts I and II, which allege Title VII violations by BBC; rather, plaintiff moves for entry of default judgment as to Counts III-XIII against Birach and Twin Star Holdings. More specifically, plaintiff moves for entry of default judgment against Birach on the following Counts: (V) violation of Virginia Human Rights Act § 2.2-3900 *et seq.*; (VI) retaliation in violation of Virginia Human Rights Act § 2.2-3900 *et seq.*; (VIII) breach of contract regarding a $50,000 bonus payment; (X) breach of contract regarding plaintiff's employment contract; (XII) wrongful termination; and (XIII) assault. In addition, plaintiff moves for entry of default judgment against Twin Star Holdings on the following Counts: (III) violation of Virgnia Human Rights Act § 2.2-3900 *et seq.*; (IV) retaliation in violation of Virginia Human Rights Act § 2.2-3900 *et seq.*; (VII) breach of contract regarding a $50,000 bonus payment; (IX) breach of contract regarding plaintiff's employment contract; and (XI) wrongful termination.

---

of all three entities, sues only Twin Star Holdings; yet, as the successor-in-interest to Twin Star Group and Twin Star, Twin Star Holdings remains liable to plaintiff for the actions of its predecessors-in-interest because "'the purchasing corporation is merely a continuation of the selling corporation.'" *See Kaiser Found. Health Plan v. Clary & Moore, P.C.*, 123 F.3d 201, 204-05 (4th Cir. 1997) (quoting *Harris v. T.I., Inc.*, 413 S.E.2d 605, 609 (Va. 1992)).

In this case, Birach is the sole director of Twin Star Holdings[3] and, according to the Amended Complaint, he regularly uses company funds to pay for personal expenses. *See* Am. Compl. ¶¶ 8, 10, 23, 123. Accordingly, under the doctrine of veil piercing, Birach is the alter ego of Twin Star Holdings and may be held personally liable for Twin Star Holdings's acts. *See De Witt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*, 540 F.2d 681, 685-87 (4th Cir. 1976) (identifying "siphoning of funds of the corporation by the dominant stockholder" to be relevant factor for veil piercing); *see also C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 306 F.3d 126 (4th Cir. 2002) (discussing doctrine of veil piercing). It is therefore appropriate to analyze concurrently the Counts common to both defendants, namely all of the Counts at issue in the instant motions with the exception of Count XIII, which alleges an assault solely against Birach.

*A. Counts III-VI: Violations of the Virginia Human Rights Act*

Plaintiff alleges violations of the Virginia Human Rights Act ("VHRA") against Birach and Twin Star Holdings. In pertinent part, the VHRA states that "[n]o employer employing more than five but less than 15 persons shall discharge any such employee on the basis of . . . sex," and creates a private cause of action for such violations. Va. Code § 2.2-2639(A)-(C). Notably, plaintiff brings separate claims for violation of the VHRA (Counts III and V) and retaliation in violation of the VHRA (Counts IV and VI). Yet, the VHRA only creates a cause of action for discharge. *See* Va. Code § 2.2-2639(A)-(B) (stating that only subsection B, which refers solely

---

[3] This fact is not alleged in the Amended Complaint. Nevertheless, judicial notice of this fact may be taken pursuant to Rule 201, Fed. R. Evid., because a court "may properly take judicial notice of matters of public record." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)). Here, the directorship of Virginia corporations is a matter of public record and is readily accessible through the State Corporation Commission's website.

to "discharge," creates "an independent or private cause of action"). Accordingly, Counts IV and VI relating to retaliation fail as a matter of law.[4]

Counts III and V also fail, as the Amended Complaint does not state whether Twin Star Holdings has more than five but less than 15 employees; rather, plaintiff conclusorily avers that Twin Star Holdings was an employer within the meaning of the VHRA.[5] Am. Compl. ¶¶ 105, 122. This statement is a legal conclusion, not an allegation of fact, and as such is not entitled to a presumption of truth because only well-pleaded allegations of *fact* are taken as true in considering a motion for default judgment.[6] *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also GlobalSantaFe Corp. v. Globalsantefe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.") (citations omitted). Accordingly, plaintiff has failed to satisfy the VHRA's requirements, and default judgment may not be entered on Counts III-VI.

---

[4] Even assuming plaintiff states a cognizable claim for retaliation under the VHRA, Counts IV and VI would still fail because she does not establish that Twin Star Holdings employed between five and fifteen employees, as required by Va. Code § 2.2-2639(B).

[5] It is worth noting that plaintiff in her Amended Complaint quotes Birach as bragging that "he could not be sued for sexual harassment because he did not have enough employees" and that he purposefully kept hiring to a minimum for this reason. Am. Compl. ¶ 63.

[6] It is worth noting that this standard is similar to that applied to a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P, as both require a trier of fact to take the well-pleaded allegations against the defendant as true. *Compare Iqbal v. Ashcroft*, 129 S. Ct. 1937, 1949 (2009) (motion to dismiss), *with Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (default judgment). In addition, one district court in this circuit has applied *Iqbal*'s mode of analysis—namely, separating a complaint's assertions of fact from conclusions of law, and affording only well-pleaded facts the presumption of truth—to a motion for default judgment. *See Bogopa Serv. Corp. v. Shulga*, 2009 U.S. Dist. LEXIS 48469, at *3-*7 (W.D. Va. June 10, 2009).

*B. Counts VII and VIII: Breach of Contract Regarding a $50,000 Bonus Payment*

Plaintiff argues that Twin Star Holdings breached an oral employment contract—made in July 2007 and modified orally thereafter—when it refused to pay her a $50,000 bonus payment. Under Virginia law, a claimant alleging breach of contract must demonstrate (i) an enforceable contract, (ii) a material violation or breach of the contract, and (iii) a consequential injury or damage to the plaintiff. *See Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 379 S.E.2d 316, 317 (Va. 1989). In this case, plaintiff has pled (i) that an enforceable oral employment contract required Twin Star Holdings to pay plaintiff a $150,000 salary and a $50,000 bonus, (ii) that Twin Star Holdings breached the contract when it refused to pay plaintiff the $50,000 bonus, and (iii) that this breach caused plaintiff damage. Accordingly, as the Magistrate Judge correctly concluded, plaintiff is entitled to entry of default judgment in the amount of $50,000 as to Counts VII and VIII.

*C. Counts IX and X: Breach of Contract Regarding Plaintiff's Employment Contract*

In Counts IX and X, plaintiff alleges and provides proof that she executed a three-year employment contract with Twin Star Holdings on January 1, 2008. Section 4.1(b) of the contract states that Twin Star Holdings will pay plaintiff $400,000 per year even in the event of termination without cause. In this case, defendants did not expressly terminate plaintiff's employment; rather, on July 23, 2008, plaintiff "tendered her involuntary resignation to avoid further harm to her physical and mental health, and to ensure that she would not again be placed in a position of aiding Mr. Birach Jr. in his unlawful and fraudulent activities." Am. Compl. ¶ 72. Nonetheless, plaintiff contends that she is owed $1,016,666.63—the $1.2 million salary she would have earned under the agreement less the $183,333.37 she received prior to her

resignation—because she was constructively discharged.

Several Virginia courts and the Fourth Circuit have recognized and applied the constructive discharge doctrine in cases arising under Virginia law. *See, e.g., Taylor v. Va. Union Univ.*, 193 F.3d 219, 237-38 (4th Cir. 1999) (en banc) (applying doctrine); *Padilla v. Silver Diner*, 63 Va. Cir. 50, 57 (2003) (discussing state decisions). Constructive discharge occurs when a plaintiff's resignation is "in violation of 'clear and unequivocal public policy of this Commonwealth that no person should have to suffer such indignities' and that the employer's actions were deliberate and created intolerable working conditions." *Id.* at 57 (quoting *Gochenour v. Beasley*, 47 Va. Cir. 218, 222 (1998)). Ultimately, a plaintiff must prove that his employer created working conditions so intolerable that the plaintiff had no other choice but to resign. *See Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1353-54 (4th Cir. 1995).

These principles, applied to this case, compel the conclusion that plaintiff was constructively discharged. Indeed, the Amended Complaint is replete with factual allegations demonstrating that plaintiff (i) was subject to repeated and blatant sexual harassment, (ii) was excluded from executive meetings that she had formerly conducted and presided over, and (iii) was repeatedly asked to violate Virginia law by submitting fraudulent financial documents. Such facts establish that defendants violated state public policy in a manner that no person, including plaintiff, should be forced to endure. *See Taylor*, 193 F.3d at 238.

In sum, plaintiff has shown the existence of a valid and binding employment agreement, breach of that agreement by virtue of defendants' constructive discharge of her, and damage stemming from that breach. Accordingly, as the Magistrate Judge correctly concluded, plaintiff is entitled to entry of default judgment in the amount of $1,016,666.63 as to Counts IX and X.

*D. Counts XI and XII: Wrongful Termination*

Plaintiff contends that she was wrongfully terminated under a theory of constructive discharge. The Supreme Court of Virginia first recognized a claim of wrongful termination, sounding in tort, as an exception to the employment-at-will doctrine in *Bowman v. State Bank of Keysville*, 331 S.E.2d 797, 800-01 (Va. 1985). In addition, it is clear that a claim of wrongful termination will lie where a plaintiff is discharged because he refuses to engage in criminal activity. *See, e.g., Rowan v. Tractor Supply Co.*, 559 S.E.2d 709, 711 (Va. 2002); *Mitchem v. Counts*, 523 S.E.2d 246, 251 (Va. 2000). Although the Supreme Court of Virginia has yet to discuss the application of the constructive discharge doctrine to claims of wrongful termination, other Virginia state and federal courts have held that "an employee who can meet the high burden of proving a constructive discharge does have standing to pursue a Bowman wrongful discharge claim." *Gochenour*, 47 Va. Cir. at 222; *see also Hensler v. O'Sullivan Corp.*, 1995 U.S. Dist. LEXIS 18110, at *13-*14 (W.D. Va. Oct. 31, 1995) (holding that *Bowman* claim may proceed in case of constructive discharge). Significantly, because wrongful termination is an intentional tort, plaintiff may be awarded punitive damages. *See Shaw v. Titan Corp.*, 498 S.E.2d 696, 701 (Va. 1998) ("When a plaintiff pleads and proves an intentional tort under the common law of Virginia, the trier of fact may award punitive damages.").

In this case, plaintiff has stated a valid claim of constructive discharge under these principles. As discussed *supra*, even though plaintiff tendered her resignation on July 23, 2008, she was constructively discharged by defendants' actions in contravention of state public policy. Thus, plaintiff has standing to bring a claim for wrongful termination in this case. *See Hensler*, 1995 U.S. Dist. LEXIS 18110, at *13-*14. Moreover, plaintiff avers that on multiple occasions,

Birach directed her to submit financial documents to lenders which she believed to be fraudulent in violation of Virginia Code § 18.2-186 (criminalizing the making of false statements to obtain property or credit). *See, e.g.,* Am. Compl. ¶¶ 66-69. These allegations are sufficient to sustain a claim of wrongful termination pursuant to *Bowman* and its progeny, and accordingly plaintiff may be awarded compensatory and punitive damages.

It must be noted that in her motions for entry of default judgment, plaintiff requested that compensatory and punitive damages be determined by a jury. Yet, plaintiff submitted a declaration on June 17, 2009, setting forth grounds for damages, and plaintiff did not object to the Magistrate Judge's recommendation that plaintiff be awarded $150,000 in compensatory damages and $350,000 in punitive damages, for a total of $500,000 in total damages on this claim.[7] Accordingly, plaintiff is deemed to have waived her right to a jury trial on damages and is appropriately awarded $500,000 in total damages on Counts XI and XII.

E. *Count XIII: Assault*

Plaintiff alleges that Birach assaulted her.[8] Specifically, plaintiff argues that on May 27, 2008, Birach told colleagues at a bar—notably, after plaintiff had left the gathering—that he was going to rape plaintiff. The next day, this statement was communicated to plaintiff by a

---

[7] Importantly, Va. Code § 8.01-38.1 limits an award of punitive damages to $350,000, even if a jury were to award a higher amount. In her June 17, 2009 declaration, plaintiff asserts that $350,000 in punitive damages is appropriate given the fact that Birach recently made $165,000 in charitable contributions. In light of clear record evidence demonstrating Birach's blatant sexual harassment of plaintiff, *see, e.g.,* Am. Comp. ¶ 33 (quoting Birach's email which states, "By the way, I strongly suggest you all save all correspondence with me for when you all decide to sue me for harassment. . .)."), a maximum award of punitive damages is appropriate here.

[8] As noted *supra*, this claim is brought only against defendant Birach.

colleague.

The principles governing claims of assault are well-settled under Virginia law. As the Supreme Court of Virginia held in *Carter v. Commonwealth*, 606 S.E.2d 839, 814 (Va. 2005), an assault occurs where a defendant "engages in an overt act intended to inflict bodily harm and has the *present ability* to inflict such harm." (Emphasis added.) Importantly, words alone may never give rise to an assault claim, even though spoken words are relevant to ascertaining whether a defendant has the requisite intent to inflict bodily harm in making the overt act. *See Harper v. Commonwealth*, 85 S.E.2d 249, 255 (Va. 1955) (quoting Davis' Criminal Law, pp. 353 and 354); *Clark v. Commonwealth*, 676 S.E.2d 332, 336-37 (Va. Ct. App. 2009). *See generally* 2A *Michie's Jurisprudence, Assault and Battery* § 5.

In this case, plaintiff's assault claim fails as a matter of law. In the first instance, Birach's words alone cannot form the basis of such a claim. Furthermore, plaintiff was not present when Birach made the statement at issue, and therefore plaintiff cannot establish that Birach had the "present ability" to inflict bodily harm as required by Virginia law. *See Carter*, 606 S.E.2d at 814. While on a motion for entry of default judgment it must be taken as true that defendant's statement caused plaintiff to suffer anxiety and fear upon learning of the threat on May 28, 2008, this fact does not demonstrate, as required, that plaintiff feared *imminent* bodily harm. *See Hunt v. Kroger Ltd. P'ship I*, 2006 U.S. Dist. LEXIS 44439, at *8 (W.D. Va. June 16, 2006). Accordingly, default judgment may not be entered on Count XIII.

## II.

On September 18, 2009, plaintiff filed a motion for attorney's fees and costs. Specifically, plaintiff claims she is entitled to $96,779.86 in costs and attorney's fees under the

VHRA, Va. Code § 2.2-2639(C), which directs a court to award "attorneys' fees from the amount recovered, not to exceed 25 percent of the back pay awarded" where plaintiff prevails on a VHRA claim. As discussed *supra*, however, plaintiff cannot establish that she is entitled to entry of default judgment with respect to her VHRA claims. Accordingly, plaintiff's motion for costs and attorney's fees under Va. Code § 2.2-2639(C) must be denied. Importantly, under Virginia law a court "does not have inherent authority to impose as a sanction an award of attorney's fees and costs," and plaintiff identifies no other Virginia statutory or common law authority under which she may be awarded attorney's fees. *McNally v. Rey*, 659 S.E.2d 279, 282 (Va. 2008) (citing *Nusbaum v. Berlin*, 641 S.E.2d 494, 502 (Va. 2007)).

## III.

For the reasons stated herein, and for good cause,

It is hereby **ORDERED** that the Court adopts as its own the September 4, 2009 Report and Recommendation of the U.S. Magistrate Judge to the extent it is consistent with this Order.

It is further **ORDERED** that plaintiff's motion for entry of default judgment against Sima Birach Jr. is **GRANTED IN PART** as to Counts VIII, X, and XII, and is **DENIED IN PART** as to Counts V, VI, and XIII.

It is further **ORDERED** that plaintiff's motion for entry of default judgment against Twin Star Holdings, Inc., is **GRANTED IN PART** as to Counts VII, IX, and XI, and is **DENIED IN PART** as to Counts III and IV.

It is further **ORDERED** that plaintiff is awarded $1,566,666.63 in total damages, defendants Sima Birach Jr. And Twin Star Holdings, Inc. to be jointly and severally liable for these damages, as follows:

1. $50,000 for Counts VII and VIII;

2. $1,016,666.63 for Counts IX and X; and

3. $150,000 in compensatory damages and $350,000 in punitive damages for Counts XI and XII.

It is further **ORDERED** that plaintiff's motion for costs and attorney's fees is **DENIED**.

Accordingly, the Clerk is **DIRECTED** to enter default judgment in favor of plaintiff and against defendants Sima Birach Jr. and Twin Star Holdings, Inc. in the amount of $1,566,666.63, jointly and severally.

The Clerk is directed to send a copy of this Order to all counsel of record and to place the matter among the ended causes.

Alexandria, VA
November 3, 2009

_____
T. S. Ellis, III
United States District Judge